JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL BRUCE PRECIADO, | Case No. 2:23-00769 JVS (ADS) |
| Petitioner, | |
| v. | ORDER DISMISSING SUCCESSIVE FEDERAL HABEAS PETITION |
| NEIL MCDOWELL, Warden, | |
| Respondent. | |

Before the Court is a Petition for Writ of Habeas Corpus By a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Saul Bruce Preciado, an inmate at Ironwood State Prison in Blythe, California. (Dkt. No. 1.) The Court's review of the Petition, the Court's own records, and public records reveals that this Petition is a successive petition which must be dismissed.

I.    **RELEVANT BACKGROUND**

A review of the Court's Case Management/Electronic Case Filing system reflects that Petitioner previously filed a Petition for Writ of Habeas Corpus by a Person in State

Custody on March 2, 2015. That petition, Case No. 2:15-01471 JVS (JCG) ("First Habeas Action"), challenged his 2002 conviction in Los Angeles County Superior Court. Judgment was entered dismissing the First Habeas Action with prejudice as untimely on May 14, 2015. (First Habeas Action, Dkt. Nos. 11 and 12.) On February 1, 2023, Petitioner filed the instant Petition, which also challenges his 2002 conviction. (Dkt. No. 1.)

## II. DISCUSSION

This Petition is an improper successive habeas petition filed without the necessary Ninth Circuit authorization which must be dismissed. 28 U.S.C. § 2244 reads, in pertinent part, as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> . . .
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244; see also Rule 9 of the Rules Governing § 2254 Cases ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). Furthermore, Rule 4 of the Rules Governing § 2254 Cases provides that if it plainly appears from the face of the petition and any exhibits attached to it that the Petitioner is not entitled to relief in the district court, the judge shall summarily dismiss the petition.

The instant Petition is Petitioner's second federal habeas petition challenging his imprisonment as a result of his 2002 conviction. "If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it

with the district court." Magwood v. Patterson, 561 U.S. 320, 330–31 (2010) (citing 27 U.S.C. § 2244(b)(3)(A)).  "When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (internal quotations and citation omitted).  A search of the Ninth Circuit's electronic docketing system on PACER does not reflect, and Petitioner has provided no evidence, that he obtained Ninth Circuit permission to file a successive petition.

### III.  CONCLUSION

The Petition is a "second or successive" petition filed without Ninth Circuit authorization.  As such, this Court lacks jurisdiction to consider its merits.  Based on the foregoing, IT IS ORDERED that the Petition is summarily dismissed with prejudice.

Dated:  February 22, 2023

THE HONORABLE JAMES V. SELNA
United States District Judge

Presented by:

   /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge